Filed 6/25/20 Certified for Publication 7/24/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SAUL G. BAUTISTA,<br><br>      Plaintiff and<br>      Respondent,<br><br>      v.<br><br>FANTASY ACTIVEWEAR,<br>INC., et al.,<br><br>      Defendants and<br>      Appellants. | B297070<br><br>(Los Angeles County<br>Super. Ct. No. BC707891) |
| APOLINAR LUZ GARCIA,<br><br>      Plaintiff and<br>      Respondent,<br><br>      v.<br><br>FANTASY DYING AND<br>FINISHING, INC., et al.,<br><br>      Defendants and<br>      Appellants. | B299768<br><br>(Los Angeles County<br>Super. Ct. No. BC707890) |

APPEALS from orders of the Superior Court of Los Angeles County, Rafael A. Ongkeko and Yvette M. Palazuelos, Judges. Affirmed.

Jenkins Kayayan, Jonathan M. Jenkins and Lara Kayayan for Defendants and Appellants.

Bokhour Law Group and Mehrdad Bokhour; Hatan Law, Inc. and Farzin Hatanian for Plaintiffs and Respondents.

_____

Fantasy Activewear, Inc. (AW), Fantasy Dyeing and Finishing, Inc. (DF), and Anwar Gajiani appeal from orders denying petitions to compel arbitration in two actions involving substantially similar wage and hour allegations filed by Saul Bautista against AW and Gajiani and Apolinar Garcia against DF and Gajiani.[1]

Bautista and Garcia both signed settlement agreements with Fantasy in 2014 in connection with a case called *Guerra v. Fantasy Activewear, Inc.* (LASC No. BC517633) containing the arbitration clauses at issue in this appeal.  In 2018, Bautista and Garcia filed class action complaints alleging a variety of wage and hour causes of action against AW, DF, and Gajiani, and amended them to allege causes of action under the Private Attorneys General Act (PAGA) (Lab. Code, § 2698 et seq.).  Fantasy filed petitions to compel arbitration in each action based on the 2014 settlement agreements.  Bautista and Garcia dismissed their class allegations.  In each case, the trial court denied the petition to compel arbitration based on, among other independent grounds, their conclusions that the arbitration clauses' predispute waivers of representative actions were

_____

[1] We refer to AW, DF, and Gajiani collectively as Fantasy.

2

unenforceable under *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*) and *Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853 (*Julian*).

Fantasy contends here that the question of whether Bautista and Garcia's waivers of representative actions were enforceable is a question of arbitrability that, pursuant to the terms of Fantasy's arbitration agreements with Bautista and Garcia, must be left for the arbitrator to decide. We conclude, however, that Bautista and Garcia were not acting as agents of the Labor and Workforce Development Agency (LWDA) when they entered into their settlement agreements with AW and DF. Consequently, their agreements with AW and DF were not entered into on behalf of the LWDA, and Fantasy has alleged the existence of no arbitration agreement existing between it and the LWDA—the real party in interest here. Accordingly, we affirm the trial court's denials of Fantasy's petitions to compel arbitration.

## BACKGROUND

AW knits yarn into fabric that DF dyes, cuts, processes, and ships to contractors who sew and assemble apparel, which AW sells to retail resellers.[2] DF employed Garcia briefly in 2011, and then again from 2012 to 2018. AW employed Bautista from 2010 to 2018.

In 2013, Manuel Guerra filed a wage and hour class action complaint alleging causes of action under the Labor Code for failure to provide meal periods, failure to provide rest periods, failure to pay hourly wages, failure to provide accurate written wage statements, and failure to timely pay all final wages, as

---

[2] Gajiani owns and operates both AW and DF.

3

well as an Unfair Competition Law claim under Business and Professions Code section 17200 et seq.[3] In January 2014, Fantasy entered into settlement agreements and arbitration agreements with putative class members in the *Guerra* action, including Bautista and Garcia.[4] The identical arbitration agreements purported to require arbitration as the "exclusive remedy" for "any controversy, claim or dispute between Employee and Employer . . . relating to or arising out of Employee's employment or the cessation of employment . . . ." "Any claim covered" by the arbitration agreement was to be "brought and conducted solely on an individual basis and not in a class, multiple plaintiff or representative action, or as a named or unnamed member in a class, consolidated, representative or private attorney general action." The agreements provide that any arbitration will be conducted "in accordance with the JAMS Employment Arbitration Rules & Procedures." Those rules state that "[u]nless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter."

On June 1, 2018, Bautista and Garcia filed class action complaints alleging causes of action substantially similar to those alleged in the *Guerra* action. On August 21, 2018, Bautista and

---

[3] The *Guerra* action did not include a PAGA representative action. After AW settled Guerra's individual claims and discovery to identify a replacement class representative was unsuccessful, the trial court dismissed the *Guerra* case without prejudice in December 2017.

[4] Bautista and Garcia personally signed settlement and arbitration agreements and received settlement payments.

Garcia filed amended complaints, each alleging a PAGA cause of action under Labor Code section 2698 et seq.

On October 30, 2018, Fantasy petitioned the trial court in each case for an order compelling arbitration and staying the trial court proceedings. In response, Bautista and Garcia filed requests for the trial court to dismiss their class allegations pursuant to California Rules of Court, rule 3.770. Bautista and Garcia explained that they "wishe[d] to dismiss the class allegations without prejudice and proceed with the PAGA cause[s] of action against" Fantasy. The trial court granted the request in each case.

The trial court denied AW's petition to compel arbitration against Bautista on March 21, 2019 and DF's petition to compel arbitration against Garcia on June 6, 2019. Fantasy timely appealed from each order.[5]

## DISCUSSION

"Generally, the standard of review applicable to the denial of a petition to compel arbitration is determined by the issues presented on appeal [citation]. To the extent the denial relies on a pertinent factual finding, we review that finding for the existence of substantial evidence. [Citation.] In contrast, to the extent the denial relies on a determination of law, we review the trial court's resolution of that determination de novo. [Citation.] Nonetheless, we are not bound by the trial court's rationale, and thus may affirm the denial on any correct legal theory supported by the record, even if the theory was not invoked by the trial court." (*Julian, supra,* 17 Cal.App.5th at p. 864, fn. omitted.)

---

[5] On September 16, 2019, Bautista filed a motion to dismiss AW's appeal (No. B297070). The motion is denied as moot.

There is no dispute regarding the underlying facts here; rather, the parties disagree about the applicable law.

The parties' arguments turn on their framing of the issues in the case. Fantasy contends that the question of whether a PAGA claim is an arbitrable claim is a question of arbitrability that has been delegated to the arbitrator through the JAMS rules, which it contends were incorporated into Bautista's and Garcia's arbitration agreements. Bautista and Garcia counter that the question is one that precedes arbitrability—the question is whether the real party in interest, the LWDA, can be bound by an arbitration agreement to which it is not a signatory, and that was entered into before Bautista and Garcia were deputized as LWDA's agents for purposes of their PAGA claim. Fantasy concedes that each California case that has considered the question has concluded that arbitration agreements entered into before a plaintiff has been deputized for purposes of a PAGA representative action is not enforceable for purposes of the PAGA representative action. Nevertheless, Fantasy asks us to reject the holdings in those cases and expressly disagree with *Julian*, *supra*, 17 Cal.App.5th 853, *Betancourt v. Prudential Overall Supply* (2017) 9 Cal.App.5th 439, *Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, and *Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602. We decline to do so.

Fantasy contends that the United States Supreme Court's recent decision in *Henry Schein, Inc. v. Archer and White Sales, Inc.* (2019) ___ U.S. ____ (*Henry Schein*) compels us to reverse the trial court's order and instruct the trial court to send the Bautista and Garcia matters to arbitration for an arbitrator to decide whether Bautista's and Garcia's PAGA representative claims are arbitrable claims. In *Henry Schein*, the Supreme Court

6

considered the "wholly groundless" exception to the rule that where parties have delegated arbitrability to the arbitrator by "clear and unmistakable" evidence, the arbitrator is entitled to resolve questions of arbitrability. The Court took up the issue noting that some Circuit Courts of Appeals had "determined that the court rather than an arbitrator should decide the threshold arbitrability question if, under the contract, the argument for arbitration is wholly groundless." (*Id.* at p. ___.) The Supreme Court concluded that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." (*Id.* at p. ___.)

*Henry Schein* is inapposite. The question here is not whether claims are arbitrable under an agreement among the parties, but rather whether there exists an agreement among the parties to arbitrate. "Under 'both federal and state law, *the threshold question presented by a petition to compel arbitration is whether there is an agreement to arbitrate.*' " (*Cruise v. Kroger Co.* (2015) 233 Cal.App.4th 390, 396, original italics.)

"A PAGA claim is legally and conceptually different from an employee's own suit for damages and statutory penalties. An employee suing under PAGA 'does so as the *proxy or agent of the state's labor law enforcement agencies*.' [Citation.] Every PAGA claim is 'a dispute between an employer and the *state*.' [Citations.] Moreover, the civil penalties a PAGA plaintiff may recover on the state's behalf are distinct from the statutory damages or penalties that may be available to employees suing for individual violations. [Citation.] Relief under PAGA is

7

designed primarily to benefit the general public, not the party bringing the action. [Citations.] 'A PAGA representative action is therefore a type of qui tam action,' conforming to all 'traditional criteria, except that a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation.' [Citation.] The 'government entity on whose behalf the plaintiff files suit is always the real party in interest.' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81, original italics (*Kim*).)

"An employee seeking PAGA penalties must notify the employer and the [LWDA] of the specific labor violations alleged, along with the facts and theories supporting the claim. [Citations.] If the agency does not investigate, does not issue a citation, or fails to respond to the notice within 65 days, the employee may sue. [Citation.]" (*Kim, supra*, 9 Cal.5th at p. 81.)

"A PAGA action is thus ultimately founded on a right belonging to the state, which—though not named in the action—is the real party in interest. [Citation.] That is because PAGA does not create any new substantive rights or legal obligations, but 'is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies.' [Citation.] [¶] Ordinarily, when a person who may act in two legal capacities executes an arbitration agreement in one of those capacities, the agreement does not encompass claims the person is entitled to assert in the other capacity. [Citations.] That rule reflects general principles regarding the significance of legal capacities. [Citation.]

"Under the rule set forth above, *an arbitration agreement executed before an employee meets the statutory requirements for*

8

*commencing a PAGA action does not encompass that action.* Prior to satisfying those requirements, an employee enters into the agreement as an individual, rather than as an agent or representative of the state. As an individual, the employee is not authorized to assert a PAGA claim; the state—through LWDA— retains control of the right underlying any PAGA claim by the employee." (*Julian, supra,* 17 Cal.App.5th at pp. 871-872, italics added.)

The question here is not whether a PAGA representative action may ever be arbitrable or who is empowered in any particular circumstance to determine arbitrability, but rather whether an arbitration agreement binds a real party in interest that never agreed to arbitrate. We acknowledge that "there are six theories by which a nonsignatory may be bound to arbitrate" (*Suh v. Superior Court* (2010) 181 Cal.App.4th 1504, 1513), but none of those six theories applies here.[6] Bautista and Garcia entered into their arbitration agreements with Fantasy in 2014. Bautista and Garcia did not become agents of the LWDA for purposes of their PAGA representative actions until 2018.

Because Bautista and Garcia were not acting as agents of the state when they entered into the arbitration agreements at issue here, Fantasy has identified no arbitration agreement that would bind the real party in interest here—the state—to arbitration, even of the question of arbitrability. "[T]he threshold question presented by a petition to compel arbitration is whether

---

[6] The "six theories by which a nonsignatory may be bound to arbitrate [are]: '(a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing or alter ego; (e) estoppel; and (f) third-party beneficiary' [citations]." (*Suh v. Superior Court, supra,* 181 Cal.App.4th at p. 1513.)

9

there is an agreement to arbitrate." (*Cruise v. Kroger Co.*, *supra*, 233 Cal.App.4th at p. 396, italics omitted.)  We find no agreement among the parties to this action to arbitrate their claims.  Accordingly, we affirm the trial court's orders.

## DISPOSITION

The trial court's orders denying Fantasy's petitions to compel arbitration are affirmed.  Bautista and Garcia are awarded costs on appeal.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

10

Filed 7/24/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SAUL G. BAUTISTA,<br><br>    Plaintiff and<br>    Respondent,<br><br>    v.<br><br>FANTASY ACTIVEWEAR,<br>INC., et al.,<br><br>    Defendants and<br>    Appellants. | B297070<br><br>(Los Angeles County<br>Super. Ct. No. BC707891) |
| APOLINAR LUZ GARCIA,<br><br>    Plaintiff and<br>    Respondent,<br><br>    v.<br><br>FANTASY DYING AND<br>FINISHING, INC., et al.,<br><br>    Defendants and<br>    Appellants. | B299768<br><br>(Los Angeles County<br>Super. Ct. No. BC707890)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

The opinion in the above-entitled matter filed on June 25, 2020, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in judgment.

_____

ROTHSCHILD, P. J.   CHANEY, J.   BENDIX, J.