Filed 6/3/25  Hernandez v. Ladera Lending CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ISMAEL HERNANDEZ,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>LADERA LENDING, INC.,<br><br>　　　Defendant and Appellant. | G063182<br><br>(Super. Ct. No. 30-2022<br>01284687)<br><br>O P I N I O N |

　　　　　Appeal of a prejudgment order of the Superior Court of Orange County, Lon F. Hurwitz, Judge. Reversed and remanded with directions.

　　　　　Fisher & Phillips, Shaun J. Voight, Danielle S. Zobel and Megan E. Walker, for Defendant and Appellant.

　　　　　Law Office of Lawrence Hoodack and Lawrence Hoodack, for Plaintiff and Respondent.

Ismael Hernandez was employed by Ladera Lending, LLC (Ladera) as a mortgage loan officer. On his first day of work, Hernandez reviewed and electronically signed an Arbitration Agreement (Agreement), which included an agreement to arbitrate a variety of claims related to Hernandez's employment with Ladera.

Hernandez later sued Ladera, alleging multiple employment-related claims. Ladera filed a motion to compel arbitration, which the trial court denied, concluding the Agreement was unenforceable because it was procedurally and substantively unconscionable.

Ladera appeals from the denial of its motion to compel arbitration. Based on our de novo review, we conclude Hernandez has not met his burden to demonstrate the Agreement is unconscionable. We therefore reverse the trial court's prejudgment order and remand with directions to the court to grant Ladera's motion to compel arbitration.

FACTS

*A. Arbitration Agreement*

Hernandez began working for Ladera as a mortgage loan officer in 2020. On his first day of employment, Hernandez completed an online "onboarding" process in which he electronically signed several documents, including the Agreement. Although Hernandez was able to view the documents on a computer screen, he was not provided a paper copy, nor was the Agreement explained to him. Hernandez does not dispute he signed the Agreement. He does not contend the Agreement was difficult to read or that he requested to have it explained to him.

2

The Agreement incorporates the rules of the California Arbitration Act (Code Civ. Proc., § 1280 et seq.[1]; CAA). The Agreement comprises four paragraphs on a single page. The second paragraph contains 23 lines in single point font. The second paragraph provides in relevant part as follows:

"2. I also acknowledge that the [c]ompany promotes a voluntary system of alternative dispute resolution which involves binding arbitration to resolve all disputes which may arise out of the employment context. Because of the mutual benefits . . . which private binding arbitration can provide both the [c]ompany and myself, I voluntarily agree that any claim, dispute, and/or controversy . . . arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the [c]ompany, whether based on tort, contract, statutory, or equitable law, or otherwise . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the [CAA], including section 1283.05 and all of the Act's other mandatory and permissive rights to discovery). . . . To the extent applicable in civil actions in California courts, the following shall apply and be observed: all rules of pleading (including the right of demurrer), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and judgment under Code of Civil Procedure [s]ection 631.8."

The Agreement also requires the arbitrator be a retired California superior court judge, allows the parties to seek appellate review,

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

and includes a severability provision. Additionally, the Agreement states in all caps and boldface text, "I understand by voluntarily agreeing to this binding arbitration provision, both I and the [c]ompany give up our rights to trial by jury."

## B. Complaint

In October 2022, Hernandez filed a complaint against Ladera, alleging causes of action for unlawful wage forfeiture, failure to reimburse employment expenses, failure to provide meal and rest periods, failure to provide accurate wage statements, waiting time penalties, unlawful business practices, unfair business practices, and declaratory relief related to Ladera's employment practices and policies.

## C. Motion to Compel Arbitration

In May 2023, Ladera filed a motion to compel arbitration. The motion attached the Agreement to the declaration of Ladera's representative. Hernandez opposed the motion to compel arbitration, arguing the Agreement was substantively unconscionable primarily because it did not provide that Ladera would pay for the arbitration costs and was procedurally unconscionable because it was an adhesion contract.

## D. Trial Court's Ruling

The trial court tentatively denied the motion to compel arbitration but granted Ladera's request to address some of the issues raised in the court's tentative ruling. After supplementary briefing and additional argument, the court again denied Ladera's motion to compel arbitration.

The trial court first concluded the agreement was procedurally unconscionable. Relying on *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111 (*OTO*), the court found the Agreement was "'a paragon of prolixity'" because it was "written in extremely small font, and its single paragraph consists of 22 lines

4

contained in less than one-quarter of the page." Although Hernandez did not present any evidence the Agreement was unreadable as presented to him electronically, the court held that because Ladera did not provide a screenshot of the Agreement as presented to Hernandez, Ladera failed to "negate[] this element of procedural unconscionability." The court also determined the Agreement's use of legal jargon and references to statutes rendered it procedurally unconscionable.

Additionally, the trial court found the Agreement both procedurally and substantively unconscionable because it does "not state which substantive dispute resolution rules (i.e., JAMS, AAA, etc.) would govern an arbitration proceeding." While the court acknowledged Ladera's contention the Agreement incorporated the rules of the CAA, the court stated, "[t]o the extent that [Hernandez] might have read the provisions of the CAA, he would not have found how to initiate an arbitration proceeding, the forms for submitting an arbitration demand, or a list of potential neutrals."

Although the tentative ruling determined the Agreement was substantively unconscionable because it did not allocate arbitration costs or state whether Ladera was equally bound to arbitrate, the trial court's final ruling did not rely on these alleged infirmities. Instead, it concluded the Agreement was substantively unconscionable "due to the failure to provide the applicable rules and procedures governing an arbitration."

DISCUSSION

I.

LEGAL STANDARD

A. *Standard of Review*

The party seeking arbitration bears the burden of proving the existence of an arbitration agreement, and the party opposing arbitration bears the burden of proving any defense. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972; *OTO, supra*, 8 Cal.5th at p. 126 ["The burden of proving unconscionability rests upon the party asserting it"].) Any doubts regarding the validity of an arbitration provision are resolved against the party asserting a defense to enforcement. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 320.) "Whether an arbitration provision is unconscionable is ultimately a question of law." (*Higgins v. Superior Court* (2006) 140 Cal.App.4th 1238, 1250.) "Where, as here, the evidence is not in conflict, we review the trial court's denial of arbitration de novo." (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236.)

B. *Applicable Law*

Arbitration clauses are generally enforceable under both state and federal law. (9 U.S.C. § 2; § 1281.) However, an arbitration agreement may be invalidated by "'generally applicable contract defenses,'" including unconscionability. (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339.) A contract is "unconscionable" when, examining the totality of the agreement's substantive terms and the circumstances of its formation, the contract reflects "''''an absence of meaningful choice'''" for one of the parties, "''''together with contract terms which are unreasonably favorable to the

other party.'"'" (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1133 (*Sonic-Calabasas).*)

Unconscionability has both a procedural and a substantive element, "'the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results.'" (*Sonic-Calabasas*, *supra*, 57 Cal.4th at p. 1133.) Both elements must be present to invalidate a contract based on unconscionability. (*Kinney v. United HealthCare Services, Inc.* (1999) 70 Cal.App.4th 1322, 1329 (*Kinney*).) However, they need not be present to the same degree. Rather, "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz v. Foundation Health Psychare Services, Inc.* (2000) 24 Cal.4th 83, 114 (*Armendariz*).)

"Substantive unconscionability" refers to terms that are "unreasonably one-sided" or "'"so one-sided as to 'shock the conscience.'"'" (*Sonic-Calabasas*, *supra*, 57 Cal.4th at p. 1145.) In assessing substantive unconscionability, the "'paramount consideration'" is mutuality of the obligation to arbitrate. (*Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1287 (*Nyulassy*).)

"'"Procedural unconscionability"'" concerns the way the contract was negotiated and may result from either oppression or surprise due to unequal bargaining power. (*Nyulassy*, *supra*, 120 Cal.App.4th at p. 1281.) "The procedural element of an unconscionable contract generally takes the form of a contract of adhesion, "'which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'"" (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1071–1072 (*Little*).) "Oppression" generally

7

comes from an inequality of bargaining power and an absence of real negotiation or meaningful choice on the part of the weaker party. (*Nyulassy*, at p. 1281.) The "surprise" component may arise when the challenged terms of the agreement are ""hidden in a prolix printed form drafted"" by a party in a superior bargaining position. (*Ibid.*)

## II.

### HERNANDEZ HAS FAILED TO DEMONSTRATE UNCONSCIONABILITY

Hernandez bears the burden of demonstrating the Agreement is both substantively and procedurally unconscionable. (*Kinney*, *supra*, 70 Cal.App.4th at p. 1329.) Although there is some evidence the Agreement is procedurally unconscionable, we conclude Hernandez has failed to meet his burden to demonstrate the Agreement is substantively unconscionable.

*A. Procedural Unconscionability*

1. Adhesion Contract

Although the issue was not addressed by the trial court,[2] we agree with Hernandez the Agreement is an adhesive employment contract. (*Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1266 [noting employment contracts provided on a "take-it-or-leave-it" basis ""contain a degree of procedural unconscionability""].) The evidence demonstrates Ladera provided the Agreement to its employee Hernandez, who was required to acknowledge consent to its terms as a condition of his employment with Ladera and was not given any opportunity to negotiate its terms. (*Little*, *supra*, 29 Cal.4th at p. 1071 ["The procedural element of an

---

[2] On de novo review, an appellate court may rule on matters of law without deferring to the lower court's ruling or reasoning. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

unconscionable contract generally takes the form of a contract of adhesion, "'which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it'"'".) We therefore find that, as an adhesion contract, the Agreement is somewhat procedurally unconscionable.

2. Length and Prolixity

The trial court did find the Agreement procedurally unconscionable based in part on its small font size, long length of its second paragraph, and use of "legal jargon" and "references to statutes."[3] In particular, the trial court noted the second sentence in the second paragraph of the Agreement "consists of 239 words" and "contains five lengthy parentheticals referencing various statutory schemes and acts . . . ."

A contract may be procedurally unconscionable where the challenged terms of the agreement are "'"'"hidden in a 'prolix printed form' drafted by a party in a superior bargaining position."'"'" (*Serpa v. California Surety Investigations, Inc.* (2013) 215 Cal.App.4th 695, 703; see also *Penilla v. Westmont Corp.* (2016) 3 Cal.App.5th 205, 216 [unfair surprise may include "hiding a clause in a mass of fine print or phrasing a clause in language that is incomprehensible to a layperson"].)

We agree with the trial court that the Agreement is moderately procedurally unconscionable based on its small font size and length. The

---

[3] Ladera claims the version of the Agreement provided to the trial court does not accurately reflect its appearance when Hernandez viewed it on a computer screen at the time of signing. However, neither party provided a computer screen shot of the Agreement to the court. An appellate court may not consider evidence that was not before the trial court. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

second paragraph of the Agreement comprises 23 lines, while the second sentence in particular is visually dense, with 239 words over nine lines of text, making it difficult to read and comprehend. It also refers to six separate statutes. (See *OTO, supra,* 8 Cal.5th at p. 128 [procedural unconscionability found where arbitration provisions were contained in single paragraph containing 51 lines, the second sentence was 12 lines long, and the agreement referred to dozens of local, state and federal laws].) On the other hand, the fact the Agreement comprises only a single page and was not concealed among other documents somewhat lessens its procedural unconscionability. (See *Dougherty v. Roseville Heritage Partners* (2020) 47 Cal.App.5th 93, 102–104 (*Dougherty*) [procedural unconscionability found where preprinted form was "buried" in 70 page packet of documents].)

###### 3. Failure to Provide Arbitration Rules

The trial court also found the Agreement unconscionable "due to the failure to provide the applicable rules and procedures governing an arbitration."[4] The court noted that, although the Agreement states that arbitration will be conducted "in conformity with the procedures of the [CAA]," Hernandez was not provided a copy of the CAA rules at the time he signed the Agreement, nor was he told how to initiate arbitration.

Ladera's failure to provide Hernandez with a copy of the CAA arbitration rules does not alone support a finding of procedural unconscionability. (*Alvarez v. Altamed Health Services Corp.* (2021) 60

---

[4] Although the trial court addressed this issue as a matter of substantive unconscionability, the failure to identify or attach arbitration rules is generally seen as a measure of procedural unconscionability. (See, e.g., *Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 84; *Harper v. Ultimo* (2003) 113 Cal.App.4th 1402, 1406.)

Cal.App.5th 572, 590 (*Alvarez*) ["The law requires more than the simple failure to provide the employee with a copy of the rules"].) Where, as here, an arbitration agreement specifies that the rules of the CAA apply, the agreement is not unconscionable because the arbitration procedures are established by law. (*Cruise v. Kroger Co.* (2015) 233 Cal.App.4th 390, 399–400.)

Furthermore, "the failure to provide a copy of the arbitration rules generally raises procedural unconscionability concerns only if there is a substantively unconscionable provision in the omitted rules." (*Alvarez, supra*, 60 Cal.App.5th at p. 590 [noting "[t]here are no substantively unconscionable rules in the [CAA]"].) Here, as in *Alvarez*, Hernandez has not identified any particular CAA rule which he believes is substantively unconscionable.

In sum, we find the Agreement at least somewhat procedurally unconscionable because it is an adhesion contract which contains an element of surprise. However, that is where the unconscionability ends.

B. *Substantive Unconscionability*

Although Hernandez has demonstrated some level of procedural unconscionability, we conclude he has failed to meet his burden to demonstrate the Agreement was also substantively unconscionable.

1. Failure to Explain How to Initiate Arbitration

The trial court found that, even if the Agreement incorporated the CAA's procedures, it "still require[d] a finding of substantive unconscionability" because Hernandez "would not have found out how to initiate an arbitration proceeding, the forms for submitting an arbitration demand, or a list of potential neutrals." However, the failure to explain to an employee "how to initiate arbitration" governed by the CAA's rules does not alone render the agreement substantively unconscionable. (See, e.g., *Fuentes*

11

*v. Empire Nissan, Inc.* (2023) 90 Cal.App.5th 919, 934, review granted Aug. 9, 2023, S280256; *Alvarez, supra,* 60 Cal.App.5th at p. 590.)

Although the Supreme Court has established certain minimum requirements of fairness for arbitration agreements, it has not required designation of an arbitration service provider as one of these prerequisites. (See *Armendariz*, s*upra*, 24 Cal.4th at pp. 120–121.) Under the CAA, where the arbitration agreement fails to specify an arbitrator or the parties cannot agree on a neutral arbitrator, the court shall appoint the arbitrator, based upon a list of five persons "supplied jointly by the parties." ( §§ 1280, subd. (g), 1281.6.). Each "party shall have the right to disqualify one court-appointed arbitrator without cause" and "may petition the court to disqualify a subsequent appointee" with cause. (§ 1281.91, subd. (b)(2).) Once the arbitrator is chosen, the parties would learn the procedure for initiating proceedings. Most commercial arbitration providers have standardized forms available online to initiate the arbitration process. (*OTO, supra*, 8 Cal.5th at p. 131.)

In addition to the reasons proffered by the trial court, Hernandez argues the Agreement is substantively unconscionable because it is silent regarding payment of arbitration costs and lacks mutuality. We address each argument in turn.

2.  Silence Regarding Costs

Hernandez contends the Agreement is per se unconscionable because it fails to expressly allocate the costs of arbitration to Ladera. As noted, the trial court's final order concluded the Agreement's "silence as to the allocation of costs and scope of remedies . . . [did] not bar its enforcement."

12

Silence regarding allocation of costs does not render an arbitration agreement per se unconscionable. (*Armendariz*, *supra*, 24 Cal.4th at p. 113 ["The absence of specific provisions on arbitration costs would . . . not be grounds for denying the enforcement of an arbitration agreement"].) California law generally requires the employer to pay arbitration costs where, as here, employment claims are subject to a mandatory arbitration agreement. (*Little*, *supra*, 29 Cal.4th at p. 1082 [inferring from silence on payment of costs that "'the employer must bear the arbitration forum costs'"].) Even if Ladera were not legally obligated to pay for arbitration, the company has agreed to cover these costs.[5]

3. Mutuality of Obligation to Arbitrate

Hernandez also argues the Agreement is substantively unconscionable due to a lack of mutuality because it "only identifies employee-related claims for mandatory arbitration while no employer-related claims are listed." The trial court's final order concluded the Agreement contained a "modicum of bilaterality" because, although it did not "specifically reference" the type of claims Ladera might bring against Hernandez, it also did not exclude such claims.

Courts have found an agreement substantively unconscionable where it required the employee but not the employer to arbitrate employment-related claims. (See, e.g., *Armendariz*, *supra*, 24 Cal.4th at pp. 117–118; *Nyulassy*, *supra*, 120 Cal.App.4th at p. 1282.) Here, however, the Agreement expressly states that it covers "all disputes which may arise out of

_____

[5] During the trial court proceedings, Ladera submitted a declaration "confirm[ing] and accept[ing] its obligation to pay the costs unique to arbitration in this matter."

the employment context," not just those brought by Hernandez. "Absent some indicia in the agreement that arbitration is limited to the employee's claims against the employer, the use of the 'I agree' language in an arbitration clause that expressly covers 'all disputes' creates a mutual agreement to arbitrate all claims arising out of the applicant's employment." (*Roman v. Superior Court* (2009) 172 Cal.App.4th 1462, 1466.) There is no indication in the Agreement that it is intended only to apply to employee initiated claims.

Moreover, the fact the Agreement only lists employee claims as examples of arbitrable disputes does not render it unconscionable. (*Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1248–1249 [agreement listing only employee claims as examples of arbitrable disputes was not unfairly one-sided where it required arbitration of all employment related claims].)

Finally, Hernandez does not allege the Agreement compelled him to relinquish statutory rights in violation of public policy, a significant factor in cases finding substantive unconscionability. (See, e.g., *OTO*, *supra*, 8 Cal.5th at pp. 136–137 [employee required to give up right to informal proceeding before labor commissioner for more costly arbitration]; *Dougherty*, *supra*, 47 Cal.App.5th at pp. 104–107 [arbitration agreement curtailed plaintiffs' ability to recover punitive damages and attorney fees and contained discovery limitations that risked impairing elder abuse claims]; *Beco v. Fast Auto Loans, Inc.* (2022) 86 Cal.App.5th 292, 308–312 [agreement required employee to pay the cost of arbitration after the first day, shortened the limitations period to three months, and failed to guarantee any discovery].) Here, the Agreement does not require Hernandez to relinquish the right to administrative proceedings, curtail his right to damages or discovery, or require that he pay the costs of arbitration.

14

Accordingly, we conclude the Agreement is not substantively unconscionable. Therefore, Hernandez has not met his burden of proof to demonstrate the Agreement was sufficiently unconscionable to render it unenforceable.

## DISPOSITION

The prejudgment order denying the motion to compel arbitration is reversed and remanded with directions to grant the motion. Appellant is entitled to its costs in these proceedings.

DELANEY, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

15