Filed 2/26/19; Modified and Certified for Pub. 3/25/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MAUREEN SALGADO,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CARROWS RESTAURANTS,<br>INC., et al.,<br><br>  Defendants and Appellants. | 2d Civil No. B285756<br>(Super. Ct. No. 56-2016-<br>00489342-CU-WT-VTA)<br>(Ventura County) |

Carrows Restaurants Group, Inc. and Catalina Restaurant Group, Inc. (collectively Carrows) appeal an order denying their motion to compel arbitration. We conclude the language of the arbitration agreement is sufficient to apply to the current action. But we remand to determine a factual issue where time is not relative, but relevant. Did Carrows know that at the time plaintiff employee signed an arbitration agreement, plaintiff was represented by counsel? We reverse and remand.

FACTS

Salgado began working at Carrows Restaurant in 1984. On November 22, 2016, she filed a lawsuit in the Ventura County Superior Court alleging employment discrimination and violation of civil rights against Food Management Partners dba Carrows Restaurant.

On April 18, 2017, Salgado amended her complaint to add Carrows Restaurants, Inc. and Catalina Restaurant Group, Inc. as defendants.

On September 5, 2017, Carrows filed a motion to compel arbitration. In that motion Carrows said Salgado "entered into a binding and enforceable agreement to arbitrate all claims arising out of her employment with Defendants, and all causes of action alleged in her Complaint arise out of such employment." The arbitration agreement attached to the motion indicated that Salgado signed the agreement on December 7, 2016.

The arbitration agreement contained two relevant provisions. The first provision provided, "The Company and I agree and acknowledge that we will utilize binding arbitration as the sole and exclusive means to resolve all disputes which may arise out of or be related in any way to my application for employment and/or employment, including but not limited to the termination of my employment and my compensation."

The second provision provided, in relevant part, "Both the Company and I agree that any claim, dispute, and/or controversy that I may have against the Company . . . or the Company may have against me, shall be submitted to and determined exclusively by binding arbitration . . . ."

Salgado filed an opposition to the motion claiming her lawsuit was filed before she signed the arbitration agreement.

She contended the agreement "is not retroactive" and was procedurally and substantively unconscionable. (Capitalization omitted.)

Carrows responded that they were not added as defendants in the lawsuit until months after the signing of the arbitration agreement. Carrows claimed that they did not know of the existence of Salgado's lawsuit when the arbitration agreement was signed and that Salgado voluntarily signed it.

The trial court denied the motion. It did not rule on the unconscionability issue. The court said, "Defendants have failed to demonstrate that the arbitration agreement applies to a suit that was filed prior to its signature."

## DISCUSSION

### *The Arbitration Agreement Language*

Carrows contends the trial court erred because the language of the arbitration agreement is sufficient to apply to the current lawsuit. We agree.

An arbitration clause is a contractual agreement. Courts "interpret a contract to give effect to the parties' intentions at the time of contracting." (*Hernandez v. Badger Construction Equipment Co.* (1994) 28 Cal.App.4th 1791, 1814.) "When language in a contract is clear and explicit, that language governs interpretation." (*Esparza v. Sand & Sea, Inc.* (2016) 2 Cal.App.5th 781, 789.)

Arbitration is a favored procedure. An " ' "arbitration should be upheld unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute." ' " (*Cruise v. Kroger Co.* (2015) 233 Cal.App.4th 390, 397.) Doubts about the applicability of the arbitration clause to the dispute should be resolved "in favor of

3.

sending the parties to arbitration." (*Cione v. Foresters Equity Services, Inc.* (1997) 58 Cal.App.4th 625, 642.)

*The First Provision*

The first provision of the arbitration agreement provides, in relevant part, "The Company and I agree and acknowledge that we will utilize binding arbitration as the sole and exclusive means to resolve all disputes which [1] *may arise* out of *or* [2] be related in any way to my application for employment and/or employment . . . ." (Italics and boldface added.)

The trial court ruled, "The language of the agreement suggest[s] that it applies to future disputes not ones that have already resulted in a formal lawsuit."

Salgado contends the trial court was correct because the arbitration agreement applies to all "disputes which may arise." She claims this only applies to future claims.

Carrows notes that the "may arise" language is followed by the second phrase, "*or* be related in any way to my application for employment and/or employment." (Italics and boldface added.) Carrows contends the "use of the word 'or' means the preceding terms 'may arise' are not exclusive or controlling. So long as [Salgado's] employment dispute is the type of claim that is 'related in any way to [her] employment,' it falls within the terms of the Agreement."

Carrows's interpretation is reasonable. Salgado focuses only on one phrase in the arbitration agreement. But the word "or" shows that there is an alternative. (*Fiorentino v. City of Fresno* (2007) 150 Cal.App.4th 596, 603 ["the plain and ordinary meaning of the word 'or' is 'to mark an alternative such as "either this or that" ' "].) Each phrase must be considered. " 'Courts must interpret contractual language in a manner which gives

4.

force and effect to every provision, and not in a way which renders some clauses nugatory, inoperative or meaningless.' " (*Hemphill v. Wright Family, LLC* (2015) 234 Cal.App.4th 911, 915.) The second phrase following "or" broadly applies to "all disputes" related "in any way" to employment. This language is "clear and explicit." (*Esparza v. Sand & Sea, Inc., supra*, 2 Cal.App.5th at p. 789.) Salgado's current action is a dispute that falls within the meaning of this provision.

*The Second Provision*

Carrows claims the trial court also failed to consider the second provision of the arbitration agreement. It provides: "Both the Company and I agree that ***any claim***, dispute, and/or controversy that I may have against the Company . . . or the Company may have against me, shall be submitted to and determined exclusively by binding arbitration . . . ." (Italics and boldface added.)

This provision is broad in scope. (*AT&T Technologies, Inc. v. Communications Workers of America* (1986) 475 U.S. 643, 650 [89 L.Ed.2d 648, 657] [the presumption favoring arbitration "is particularly applicable" where the arbitration clause is broad].) Here the language is "clear and explicit." (*Esparza v. Sand & Sea, Inc., supra*, 2 Cal.App.5th at p. 789.) There is no language containing a limitation or restriction based on the age of the claim. (*Desert Outdoor Advertising v. Superior Court* (2011) 196 Cal.App.4th 866, 877.) There is no qualifying language. This provision unequivocally requires arbitration for "any claim" Salgado has against Carrows. Her current lawsuit is such a claim. Salgado's brief does not discuss this provision. She has not shown why this language is not sufficient to apply to the current action.

5.

*Retroactive Application*

Salgado contends arbitration is not applicable because the dispute involved in her lawsuit occurred before the arbitration agreement was signed.

But the "contention that an agreement to arbitrate a dispute must pre-date the actions giving rise to the dispute is misplaced. Such a suggestion runs contrary to contract principles which govern arbitration agreements." (*Zink v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (10th Cir. 1993) 13 F.3d 330, 332.) "[A]n arbitration agreement may be applied retroactively to transactions which occurred prior to execution of the arbitration agreement." (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. King* (M.D.Fla. 1992) 804 F.Supp.1512, 1514; *Shotto v. Laub* (D.Md. 1986) 632 F.Supp. 516, 522 ["whether plaintiffs signed the agreements before or after opening their accounts, or even before or after the claim arose, does not change the fact that they signed written agreements to arbitrate claims arising out of their account"]; see also *Desert Outdoor Advertising v. Superior Court*, *supra*, 196 Cal.App.4th at p. 877 [the broad language of the arbitration agreement applied to a dispute occurring before the signing of the arbitration agreement]; *In re Currency Conversion Fee Antitrust Litigation* (S.D.N.Y. 2003) 265 F.Supp.2d 385, 407 [the broad language – " 'any dispute, claim, or controversy . . . arising out of or relating to this Agreement, your Account . . .' " – required arbitration for claims plaintiff had prior to agreeing to arbitration].)

Carrows claims it is entitled as a matter of law to an order requiring the case to be arbitrated. But Salgado correctly notes there are factual issues the trial court must initially decide before determining whether the case should be sent to arbitration.

*Unconscionability or Voidability*

Courts may refuse to enforce unconscionable contracts and this doctrine applies to arbitration agreements. (*Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th 227, 242.) " 'Unconscionability has procedural and substantive aspects. [Citation.] "Both procedural and substantive unconscionability must be present before a court can refuse to enforce an arbitration provision based on unconscionability . . . ." ' " (*Ibid.*) Substantive unconscionability relates to the fairness of the agreement's terms. Procedural unconscionability involves the "circumstances of contract negotiation and formation." (*Id.* at p. 243.) The trial court must " 'examine the totality of the agreement's substantive terms as well as the circumstances of its formation to determine whether the overall bargain was unreasonably one-sided.' " (*Id.* at p. 242.)

In addition, "the petition to compel arbitration is not to be granted when there are grounds for rescinding the agreement." (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 973.)

Carrows requests that we find that there are no grounds to preclude an arbitration based on unconscionability or any conduct on its part. But the trial court never made factual findings on these issues. Carrows notes that Salgado did not present evidence showing unconscionability by submitting a declaration. Only Salgado's counsel filed a declaration.

In that declaration Salgado's counsel said that "defendants confronted [Salgado]" at work and "forced her to sign" the arbitration agreement. But her counsel concedes that he was not present when Salgado signed the arbitration agreement. He

consequently could not state facts on his personal knowledge about this event.

But Salgado's counsel also stated other facts. He said he was representing Salgado in this lawsuit. It had been filed and served on Carrows's "restaurant manager" before the arbitration agreement was signed. He did not have a chance to consult with Salgado before she signed it, and he did not know she had signed it until "late Spring 2017." Whether these or other facts support a claim that the arbitration agreement is unenforceable should be decided by the trial court.

## DISPOSITION

The order is reversed. The matter is remanded to the trial court to determine whether Carrows knew or should have known Salgado was represented by counsel when she signed the arbitration agreement. If so, it shall then determine whether the arbitration agreement is enforceable. The parties shall bear their own costs on appeal.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

8.

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____

Spencer C. Skeen, Sarah A. Williams and Nikolas T. Djordjevski for Defendants and Appellants.

Law Office of Ruben M. Ruiz, Ruben M. Ruiz for Plaintiff and Respondent.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MAUREEN SALGADO,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>CARROWS RESTAURANTS,<br>INC., et al.,<br><br>   Defendants and Appellants. | 2d Civil No. B285756<br>(Super. Ct. No. 56-2016-<br>00489342-CU-WT-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING<br>OPINION AND<br>CERTIFYING OPINION FOR<br>PUBLICATION<br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on February 26, 2019, be modified as follows:

1.  On page 1, the following paragraphs are to be inserted at the beginning of the opinion:

     An employer and its employee sign an agreement to submit all disputes to arbitration. Does the agreement apply to disputes that have occurred prior to the execution of the agreement?

     The employee's counsel does not know his client signed the arbitration agreement. Does the employer know or

should it have known the employee was represented by counsel when the arbitration agreement was signed?

The answer to these questions concerns time. Here time is relevant, but not relative.

2. On page 1, the opening paragraph (which will become the fourth paragraph in the opinion) is changed to read:

Carrows Restaurants Group, Inc. and Catalina Restaurant Group, Inc. (collectively Carrows) appeal an order denying their motion to compel arbitration. We conclude the language of the arbitration agreement is sufficient to apply to the current action. But we remand to determine whether Carrows knew that at the time plaintiff employee signed the arbitration agreement, plaintiff was represented by counsel. We reverse and remand.

3. On page 2, in line 2 in the third paragraph, the words "In that motion" are deleted.

4. On page 2, the last two lines are changed to read:

Salgado's opposition to the motion said her lawsuit was filed before she signed the arbitration agreement.

5. On page 3, the first line is changed to read:

She contended the agreement was "not retroactive" and was ….

6. On page 3, the first paragraph under DISCUSSION, is deleted and the following paragraph is inserted in its place:

Carrows contends the language of the arbitration agreement applies to the current lawsuit. We agree.

7. On page 4, in the first paragraph under the heading The First Provision, the boldface (on the words "may arise" and "or") is removed (but the italicization is to remain); therefore, the

parenthetical at the end of the paragraph is changed to read: (Italics added.)

8. On page 4, in line 2 in the fourth paragraph under the heading The First Provision, the boldface (on the word "or") is removed (but the italicization is to remain); therefore, the parenthetical on line 3 in the same paragraph is changed to read: (Italics added.)

9. On page 5, in line 3 of the first paragraph under the heading The Second Provision, the boldface (on the words "any claim") is removed (but the italicization is to remain); therefore, the parenthetical at the end of the paragraph is changed to read: (Italics added.)

10. On page 5, the last three sentences are changed to read:
Salgado's current lawsuit is such a claim. Her brief does not discuss this provision. Nor has she shown why this language does not apply to the current action.

11. On page 7, the first line of the third paragraph is changed to read:
Carrows contends there are no grounds to ….

12. On page 8, the first word on line 1, "consequently" is deleted.

13. On page 8, in the last sentence in the first full paragraph, the words "should be decided" are changed to "shall be decided."

14. On page 8, line 4, in the paragraph under the heading DISPOSITION, in the sentence beginning "If so," the word "it" is changed to "the court," so the sentence begins:
If so, the court shall then determine whether the ….

The opinion in the above-entitled matter filed on February 26, 2019, was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

3.