Filed 9/15/20  Murillo v. Santa Barbara Corp. Fitness CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DINA MURILLO,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>SANTA BARBARA CORPORATE FITNESS, INC. et al.,<br><br>Defendants and Appellants. | 2d Civ. No. B299891<br>(Super. Ct. No. 18CV04396)<br>(Santa Barbara County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

　　　It is ordered that the opinion filed herein on August 26, 2020, be modified as follows:

1.　　In the last paragraph on page 2, lines 3-4, the words following "2)," "each prospective employee logs" are deleted and the words "they log" are inserted in its place, so that it reads:
　　　　　"2) they log into their respective computer"

2.     On page 3, in the first full paragraph, second sentence, the words in brackets "[his or her]" in two places are deleted and ellipses are inserted in their place, so that the sentence reads:

This document provides, in relevant part, that the employee agrees to "submit to final and binding arbitration any and all claims and disputes that are related in any way to . . . employment or the termination of . . . employment."

There is no change in the judgment.

_____

GILBERT, P.J.          YEGAN, J.          PERREN, J.

Filed 8/26/20  Murillo v. Santa Barbara Corp. Fitness CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DINA MURILLO,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SANTA BARBARA CORPORATE FITNESS, INC. et al.,<br><br>Defendants and Appellants. | 2d Civ. No. B299891<br>(Super. Ct. No. 18CV04396)<br>(Santa Barbara County) |

Some employers use computerized systems to inform prospective employees of job requirements and to obtain their consent to arbitration agreements.  This saves time and avoids unnecessary accumulation of paper documents.  Here we decide whether an employer has shown that its computerized system provided its employee with an adequate opportunity to consent to arbitration.

Defendants Santa Barbara Corporate Fitness, Inc. (SBCF) and Angel Banos appeal an order denying their motion to compel

arbitration of a lawsuit filed by plaintiff Dina Murillo in which she alleged sexual harassment/wrongful termination. We conclude, among other things, that the trial court correctly ruled that a valid arbitration agreement did not exist, and that Murillo did not sign an arbitration agreement and did not know one existed. We affirm.

FACTS

On September 6, 2018, Murillo filed a complaint alleging, among other things, causes of action for sexual harassment and wrongful termination. SBCF answered the complaint, denied her allegations, and filed a motion to compel arbitration. SBCF claimed Murillo executed an Employee Agreement to Arbitrate (EAA) when she applied for employment with the company. It claimed that after her employment was terminated, Murillo's lawsuit fell within the provisions of the EAA.

SBCF acquired the company for which Murillo was an employee. SBCF established a new orientation process that all prospective employees of the former company had to complete to become SBCF employees. Instead of the prospective employees reviewing written documents, it created an "automated" system to present various pre-employment related documents for them to review.

SBCF claims this "on-boarding" process requires: 1) the multiple prospective employees from the prior business to sit down at an area containing multiple computer laptops; 2) each prospective employee logs into their respective computer; 3) they then scroll down to review various employment-related documents displayed on the computer screen; 4) they "click" on various "tabs" and electronically input their initials or names to

2.

reflect that they have reviewed the particular documents; and 5) they must click on the various tabs to be hired.

SBCF notes that included within the pre-employment documents is the EAA. This document provides, in relevant part, that the employee agrees to "submit to final and binding arbitration any and all claims and disputes that are related in any way to [his or her] employment or the termination of [his or her] employment." There is a place for the employee to sign and date the EAA at the bottom of this document. The EAA provides, "*The signed original* copy of this agreement *must be given to your supervisor* and *it will be filed in your personnel file*; *the other copies . . . are for your personal records*." (Italics added.)

The document reflects that Murillo did not sign or date the EAA.

Murillo opposed the motion to compel arbitration. She claimed SBCF did not present sufficient evidence to show that she was presented with the EAA during her on-boarding process. She claimed her on-boarding process did not give her the opportunity to consent to arbitration. She attached a declaration stating, among other things, that she did not sign the EAA, and when she applied for employment, no one informed her that there was an arbitration agreement. No one told her she was giving up her right to a jury trial. Murillo was not aware of the existence of any arbitration agreement while she worked at the company. She claims she did not waive her right to a jury trial. She declared the on-boarding process was "chaotic" and "rushed." It did not give her a chance to properly review the documents on the computer screen. She was confused during the on-boarding process.

Murillo declared that she and the other prospective employees "were only directed to scroll down and date or fill in fields by either inputting [their] initials or [their] name." "The connection to the laptops went down a few times, leaving some employees to either start over or try to figure out how to navigate to where they left off." She and other employees were not given sufficient time to read the documents.

The trial court denied the motion. It found SBCF did not meet its burden to prove there was a valid arbitration agreement.

DISCUSSION

*A Valid Arbitration Agreement*

Under federal and state law, there is a strong public policy favoring arbitration as a " 'speedy and relatively inexpensive means of dispute resolution.' " (*Adajar v. RWR Homes, Inc.* (2008) 160 Cal.App.4th 563, 568.) "Under both federal and state law, however, arbitration cannot be compelled absent an arbitration agreement." (*Id.* at p. 569.)

A party to litigation may petition or move the court to stay litigation to enforce an arbitration agreement. "The petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence . . . ." (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.) On a motion to compel arbitration, the "trial court sits as a trier of fact." (*Ibid.*)

"An arbitration clause is a contractual agreement." (*Salgado v. Carrows Restaurants, Inc.* (2019) 33 Cal.App.5th 356, 359.) "[A]n essential component to a contract is *the consent of the parties* to the contract." (*Mitri v. Arnel Management Co.* (2007) 157 Cal.App.4th 1164, 1170, italics added.) The consent of both parties must be communicated " 'by each to the other.' " (*Ibid.*)

4.

Courts "will not create a term of a contract between the parties that the evidence does not show was ever agreed upon by the parties." (*Id*. at p. 1173.)

Moreover, "[c]ourts may refuse to enforce unconscionable contracts and this doctrine applies to arbitration agreements." (*Salgado v. Carrows Restaurants, Inc.*, *supra*, 33 Cal.App.5th at p. 362.)

There is a strong policy favoring arbitration, but there is also a "basic precept that arbitration 'is a matter of consent, not coercion.'" (*Stolt-Nielsen S.A. v. AnimalFeeds International Corp.* (2010) 559 U.S. 662, 681 [176 L.Ed.2d 605, 622].) An employee's opportunity to review and understand whether there is an arbitration requirement is a relevant factual issue in determining whether he or she ever gave consent to arbitration. (*Kinney v. United HealthCare Services, Inc*. (1999) 70 Cal.App.4th 1322, 1330.) Consent is not present where an employee is "pressured" and did not have an opportunity to know that arbitration was a requirement of employment. (*Ibid*.)

The trial court correctly noted that the EAA specifies several requirements to complete the arbitration agreement, including: 1) the employee must sign and date the agreement, 2) the original signed agreement must be given to the supervisor and placed in the personnel file, and 3) the employee must be provided a copy of the signed agreement.

But here there was *no compliance* with any of these requirements. Because the EAA was never signed by Murillo, the trial court could reasonably find the agreement was not completed. (*Mitri v. Arnel Management Co*., *supra*, 157 Cal.App.4th at p. 1171.)

SBCF claims there is no need for a signed arbitration agreement.

That may be true in many cases.  But here the EAA *itself* specifies that the employee must sign it and the signed agreement is delivered to the supervisor.  SBCF may not claim the procedure required by the EAA is irrelevant.  Where the arbitration agreement sets forth the relevant requirements and procedure to initiate the agreement, those requirements cannot be ignored.  (*Brinkley v. Monterey Financial Services, Inc.* (2015) 242 Cal.App.4th 314, 354.)  They are conditions precedent that must be complied with to determine whether the agreement went into effect.  *(Mitri v. Arnel Management Co.*, *supra*, 157 Cal.App.4th at p. 1171.)  Moreover, the absence of the employee's signature on the document that requires a signature is one highly relevant factor a trier of fact may consider in determining whether there ever was consent to arbitration by the employee.

SBCF cites *Diaz v. Sohnen Enterprises* (2019) 34 Cal.App.5th 126.  There the court held, "[W]hen an employee continues his or her employment after notification that an agreement to arbitration is a condition of continued employment, that employee has impliedly consented to the arbitration agreement." (*Id.* at p. 130.)

But *Diaz* is distinguishable.  There, the employee was advised of and knew about the arbitration agreement.  Here, by contrast, there is evidence from Murillo's declaration from which the trial court could reasonably find Murillo did not know of the existence of the arbitration agreement during her employment.

In the motion, SBCF contended that Murillo "agreed to the EAA by acknowledging the [employee] handbook" in her computer clicking.  But the trial court noted that the "handbook

6.

does not include an arbitration agreement." The court said the "electronic signature block, assuming it was executed by Murillo, indicates that she reviewed the handbook and nothing else."

SBCF contends its human resources witness Chelsey Banos testified that the handbook included the EAA. It claims the trial court was required to accept that testimony and the other facts she stated regarding how the on-boarding process worked because they were uncontradicted. But the credibility of a witness is exclusively decided by the trial court and conflicts in evidence are resolved by the trial court. (*Carlson v. Home Team Pest Defense, Inc.* (2015) 239 Cal.App.4th 619, 630; *In re Daniel G.* (2004) 120 Cal.App.4th 824, 830.) Murillo's declaration presented facts from which a trier of fact could reasonably infer the on-boarding process was not working the way SBCF and Banos had indicated. The trial court could reasonably find that there were several contested factual issues and that Banos's testimony was contradicted. Murillo also claims the court could question Banos's credibility because Banos had given contradictory statements under oath about the date the on-boarding process occurred.

Moreover, Murillo claims much of Banos's testimony supports her position. She notes Banos could not recall whether she (Banos) ever mentioned the existence of the EAA to her during the on-boarding process. Banos spent only 15 to 20 seconds explaining the paperwork to the new employees. Banos did not know whether someone else could have signed or entered Murillo's name on the relevant documents. There were two versions of the employee handbook. Banos did not know which version was loaded onto Murillo's computer. The trial court could reasonably infer these admissions "left a critical gap in the

evidence supporting the petition." (*Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 844.)

On this motion, "the trial court sits as a trier of fact." (*Engalla v. Permanente Medical Group, Inc.*, *supra*, 15 Cal.4th at p. 972.) As to factual issues, we look to whether there is substantial evidence to support express or implied findings by the trial court. We do not weigh the evidence. (*In re Daniel G.*, *supra*, 120 Cal.App.4th at p. 830.) We draw all reasonable inferences to support the judgment or order. SBCF has not shown why the trial court could not accept Murillo's statements in her declaration. That declaration provides evidence to support findings that there was no knowledge or consent by her to arbitrate and to waive her right to a jury trial. From it, the court could draw a reasonable inference that the on-boarding process, which SBCF claims to have resulted in consent to arbitrate, was not the actual process Murillo received. It could find Murillo did not have adequate time to read or review the relevant documents. As the trial court noted, Murillo's evidence indicated the process was "chaotic" and "rushed." That is not the type of environment that provides an employee time to adequately consider whether he or she wants to agree and consent to an arbitration.

SBCF highlights exhibit E to Banos's supplemental declaration and notes it contains Murillo's name, and under it the phrase, "[By] signing this document you are legally bound to the agreements contained within." In her declaration, Banos said exhibit E was a "copy of the last screen" Murillo would have seen in her view of the computer images in her on-boarding process. SBCF claims exhibit E binds Murillo as a matter of law.

Murillo responds: 1) the issue is not about a paper exhibit prepared for the motion to compel arbitration, but rather what

she actually saw on the computer screen on the day she was there; 2) Murillo's counsel showed Banos did not have the ability to know exactly what was on the screen at that time; 3) Banos's credibility had been impeached and the trial court could therefore disregard her declaration and the exhibit attached to it; 4) exhibit E is of questionable validity because it contains the date September 17, 2016, but Banos testified the on-boarding process occurred on October 1, 2016; 5) Banos testified she could not be sure that someone else at a different time had not placed her (Murillo's) signature on the document; and 6) SBCF did not introduce sufficient foundation evidence to support the admission of the computer image evidence and its claims about images she (Murillo) would have seen.

In addition, exhibit E has a strange appearance. It appears to be two documents combined into one, with one document superimposed over and partially covering the other document. SBCF has not shown why a trier of fact could not diminish the weight to be given to exhibit E or question its validity.

We have reviewed SBCF's remaining contentions and conclude it has not shown grounds for reversal.

DISPOSITION

The order is affirmed. Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          PERREN, J.

9.

Donna D. Geck, Judge

Superior Court County of Santa Barbara

————————————————

Manning & Kass, Ellrod, Ramirez, Trester, LLP, Al M. De La Cruz, Michael A. Weismantel and Ladell Hulet Muhlestein, for Defendants and Appellants Santa Barbara Corporate Fitness, Inc. and Angel Banos.

James H. Cordes and Associates, James H. Cordes and Angelica J. Caro for Plaintiff and Respondent.