Filed 11/21/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JUAN NAVAS et al., <br><br>   Plaintiffs and Respondents, <br><br> v. <br><br> FRESH VENTURE FOODS, LLC, <br><br>   Defendant and Appellant. | 2d Civ. No. B312888 <br> (Super. Ct. No. 17CV02222) <br> (Santa Barbara County) <br><br> OPINION ON REHEARING |

     In *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, our Supreme Court held, among other things, that employment agreements that compel the waiver of representative claims under the Private Attorney Generals Act (PAGA) (Lab. Code, §§ 2698, 2699) are contrary to public policy and unenforceable as a matter of state law.  This is no longer the case.  (See *Viking River Cruises, Inc. v. Moriana* (June 15, 2022, No. 20-1573) _ U.S. _ [213 L.Ed.2d 179, 200].)  Nevertheless, *Iskanian* still survives.

     Defendant Fresh Venture Foods, LLC (FVF) appeals an order denying its motion to compel arbitration of a lawsuit filed against it for wages and damages by plaintiffs Juan Navas,

Martha Herrera Lopez (Lopez), and Benjamin Hernandez Ramos (Ramos). We conclude, among other things, that 1) FVF's arbitration agreement with Lopez and Ramos is not valid; and 2) the arbitration agreement with Navas is procedurally and substantively unconscionable. (Code Civ. Proc.,[1] § 1281.2, subd. (c).) We affirm.

                              FACTS

Navas, Lopez, Ramos, and other FVF employees filed a class action lawsuit against FVF alleging, among other things, that the company did not pay minimum and overtime wages. They also alleged a cause of action under PAGA for civil penalties "for themselves and other current and former employees" for "labor law violations."

In 2021, FVF moved "to compel arbitration" of the claims of Navas, Lopez, and Ramos. FVF claimed Navas, Lopez, and Ramos signed arbitration agreements and agreed to arbitrate their individual claims against FVF and "[gave] up the right to represent others in litigation or to participate in any class, collective, or representative action in a court of law."

Navas, Lopez, and Ramos, however, claimed they did not recognize the purported arbitration agreement or the signatures on them. Moreover, the agreement presented by FVF contained unconscionable provisions.

The trial court found FVF did not prove Lopez and Ramos entered into arbitration agreements. The arbitration agreement signed by Navas was procedurally and substantively unconscionable. Among other things, it contained "an acknowledgement that [a] waiver [of PAGA rights] occurred."

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2.

The court alternatively found that even if the agreement is valid, it had to be stayed. This is because a lawsuit Navas and others filed against FVF involved common issues of law and fact resulting in the possibility of conflicting adjudications between an arbitration and court action. (§ 1281.2, subd. (c).)

DISCUSSION

*An Arbitration Agreement with Lopez and Ramos*

The policy favoring arbitration is a " ' "speedy and relatively inexpensive means of dispute resolution." ' " (*Adajar v. RWR Homes, Inc.* (2008) 160 Cal.App.4th 563, 568.) "The petitioner bears the burden of proving" a "valid arbitration agreement." (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.) "An arbitration clause is a contractual agreement." (*Salgado v. Carrows Restaurants, Inc.* (2019) 33 Cal.App.5th 356, 359.) "[A]n essential component to a contract is the consent of the parties to the contract." (*Mitri v. Arnel Management Co.* (2007) 157 Cal.App.4th 1164, 1170.)

Here the trial court found: 1) FVF did not prove Lopez and Ramos signed the agreements, and 2) "consent cannot be implied from [the] circumstances."

Ramos declared, "I do not recall seeing or signing the document . . . . I do not recognize the signature on the document as my own." "When I began working at Fresh Venture, I was asked to sign a bunch of paperwork very quickly. No one explained it to me and I was never told I could take it home to read."

In her deposition Lopez said she did not recognize the arbitration document. She never saw it before, and she did not recognize the signature on the agreement as hers.

3.

FVF contends Ramos and Lopez were evasive, not credible, and the trial court did not credit the declaration from its witness. Credibility is decided exclusively by the trial court and we do not weigh the evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206; *Carlson v. Home Team Pest Defense, Inc.* (2015) 239 Cal.App.4th 619, 630.) On a motion to compel arbitration, the "trial court sits as a trier of fact." (*Engalla v. Permanente Medical Group, Inc.*, *supra*, 15 Cal.4th at p. 972.) If there are evidentiary conflicts, "those in favor of the prevailing party . . . must be considered established.' " (*Chronometrics, Inc. v. Sysgen, Inc.* (1980) 110 Cal.App.3d 597, 603.) The evidence is sufficient to establish that Ramos and Lopez did not sign the arbitration agreement.

### Whether Navas's Arbitration Agreement
### Was Unconscionable

"Courts may refuse to enforce unconscionable contracts and this doctrine applies to arbitration agreements." (*Salgado v. Carrows Restaurants, Inc.*, *supra*, 33 Cal.App.5th at p. 362.) " ' "Unconscionability has procedural and substantive aspects." ' " (*Ibid.*) " ' " 'Both procedural and substantive unconscionability must be present before a court can refuse to enforce an arbitration provision based on unconscionability. . . .' " ' " (*Ibid.*) "Substantive unconscionability relates to the fairness of the agreement's terms. Procedural unconscionability involves the ' "circumstances of contract negotiation and formation." ' " (*Ibid.*)

Courts use a sliding scale. "In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83,

4.

114.)  Our review is de novo.  (*Fitz v. NCR Corp*. (2004) 118 Cal.App.4th 702, 711.)

*Procedural Unconscionability*

The trial court found that "Navas testified that he understood that if he did not initial the arbitration document, he would not have been hired."  It found "the 'take it or leave it' basis renders the Agreement procedurally unconscionable."  Navas testified he did not "agree to the content of" the agreement, but he was told "it's a requirement."

An agreement "imposed on employees as a condition of employment" with "no opportunity to negotiate" is an "adhesive" contract which may be procedurally unconscionable. (*Armendariz v. Foundation Health Psychcare Services, Inc*., *supra*, 24 Cal.4th at p. 115.)  "Private arbitration" may " 'become an instrument of injustice imposed on a "take it or leave it" basis.' "  (*Ibid*.)  As Navas notes, the facts show "there was an absence of real negotiation or meaningful choice" for Navas.  FVF used its superior bargaining power to draft an agreement with provisions favorable for itself and gave it to him on a "take it or leave it basis."  (*Ibid*.)  This supports the finding of procedural unconscionability.  (*McManus v. CIBC World Markets Corp*. (2003) 109 Cal.App.4th 76, 101.)

But procedural unconscionability alone is not sufficient to find the agreement is unenforceable.  (*Salgado v. Carrows Restaurants, Inc.*, *supra*, 33 Cal.App.5th at p. 362.)  There must also be substantive unconscionability.  (*Ibid*.)  With a high degree of procedural unconscionability, "even a relatively low degree of substantive unconscionability may suffice to render the agreement unenforceable."  (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 130.)

*Substantive Unconscionability*

The unconscionability doctrine ensures that contracts that contain terms that are "overly harsh," "unduly oppressive," or are " ' " 'so one-sided as to "shock the conscience" ' " ' " are not enforced. (*Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1244.)

*Absence of Discovery Rights*

Navas claims the arbitration agreement is unconscionable because it did not mention discovery rights.

But the absence of such a provision does not make it unconscionable because the right to discovery is guaranteed by section 1283.05, subdivision (a), which provides, in relevant part, " [T]he parties to the arbitration shall have the right to take depositions and obtain discovery . . . ." An employer who agrees to arbitrate claims impliedly "consent[s]" to a procedure that allows for discovery. (*Armendariz v. Foundation Health Psychcare Services, Inc.*, *supra*, 24 Cal.4th at p. 106; *Lane v. Francis Capital Management LLC* (2014) 224 Cal.App.4th 676, 693.)

*PAGA Rights*

Navas claims the arbitration agreement was unenforceable because it "requires employees to renounce . . . their . . . right to bring a PAGA action," and such a waiver makes the agreement substantively unconscionable.

Under PAGA, an "aggrieved employee" may file a civil action against an employer for "a civil penalty" for violations of the Labor Code "on behalf of himself or herself *and other current or former employees*." (Lab. Code, §§ 2699, subd. (a), italics added, 2698.)

6.

The arbitration agreement provides, in relevant part, "There will be no right or authority for any dispute to be brought, heard, or arbitrated as *a representative action* under the Private Attorney General Act (PAGA) of California . . . ." (Italics added.) "I will be giving up the right to represent others in litigation or to participate in any class or *representative* action in a court of law." (Italics added.) That constitutes FVF's and the employee's agreement relating to PAGA. It only includes the waiver of the right to bring a *representative* PAGA action. It does not involve a waiver of the right to bring an individual PAGA action.

But later in the agreement a separate *unilateral* provision provides, "*Fresh Venture Foods reserves the right*" to enforce "the *Waiver of Individuals to Self-Representation in Trials (Private Attorney General Waiver*)." (Italics added.)

Employers may not force employees to waive their right to bring a PAGA action. (*Juarez v. Wash Depot Holdings, Inc.* (2018) 24 Cal.App.5th 1197, 1203; *Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 871.) PAGA lawsuits include: 1) individual PAGA actions where the employee seeks damages for violations committed against the individual employee, and 2) "representative" actions where an employee seeks damages because of the employer's PAGA violations committed against a group of employees.

Our Supreme Court held "[w]here, as here, an employment agreement compels the *waiver of representative claims under the PAGA*, it is contrary to public policy and *unenforceable* as a matter of state law." (*Iskanian v. CLS Transportation Los Angeles, LLC*, *supra*, 59 Cal.4th 348, 384, italics added.)

But in *Viking River Cruises, Inc. v. Moriana*, *supra*, _ U.S. _ [213 L.Ed.2d 179, 200], the United States Supreme Court held

7.

"the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." The court said, "Viking was entitled to enforce the agreement insofar as it mandated arbitration of Moriana's *individual PAGA claim*. The lower courts refused to do so based on the rule that PAGA actions cannot be divided into individual and non-individual claims. Under our holding, that rule is preempted . . . ." (*Id.* at p. _, italics added [*Ibid.*, italics added].)

Consequently, the *Iskanian* rule requiring mandatory joinder of individual and representative PAGA claims is preempted. The employer and employee, however, may agree to arbitrate an individual PAGA claim. But in this agreement the employee is not even given that choice.

Although a portion of *Iskanian* is preempted, the standards for obtaining individual PAGA waivers under state law remain in effect. Here FVF unilaterally declared a right to forfeit an employee's individual PAGA claim without first: 1) explaining to the Spanish-speaking employee what is an individual PAGA claim, and 2) obtaining the employee's *consent* to waive the right to file an individual PAGA claim in court.

The trial court found the agreement improperly contains "an acknowledgement" that "the right to *self-representation*" in PAGA cases *had been waived*, and it does so prematurely, without an employee's consent, and as part of an automatic forfeiture before the employment relationship is established.

An employee with an individual PAGA claim "is free to forgo the option of pursuing a PAGA action. *But it is against public policy for an employment agreement to deprive employees of this option altogether, before any dispute arises.*" (*Iskanian v.*

8.

*CLS Transportation Los Angeles, LLC*, *supra*, 59 Cal.4th at p. 387, italics added.)

*The Self-Representation Provision*

The trial court also found the provision providing a "Waiver of Individuals to Self-Representation in Trials" was ambiguous and therefore invalid. Where an arbitration agreement is "uncertain regarding a material term," it "cannot be enforced." (*Lindsay v. Lewandowski* (2006) 139 Cal.App.4th 1618, 1623; see also *Mitri v. Arnel Management Co.*, *supra*, 157 Cal.App.4th at p. 1173.) Navas claimed this provision meant employees had to hire counsel at arbitrations and they could not afford it. FVF claims it did not intend that result. But this explanation was not included in the agreement, the provision was conclusory and open ended. "[W]here, as here, the written agreement has been prepared entirely by the employer, . . . any ambiguities must be construed against the drafting employer." (*Sandquist v. Lebo Automotive, Inc.* (2016) 1 Cal.5th 233, 248.)

*One-Sided Provisions Against Employee Rights*

The arbitration agreement's terms are primarily one-sided in favor of FVF. The agreement provides it "will be valid for all legal claims between [FVF] and [the employee]." But it then *specifically describes* the type of "Covered Claims" that fall within arbitration. They include disputes involving: 1) "*the termination of [the employee's] employment* from Fresh Venture Foods"; 2) employee claims about "wage and hour laws (federal, state, and local)"; 3) employee claims about "compensation"; 4) "breaks and rest periods"; 5) "training"; 6) employee challenges to "termination"; 7) employee claims of "discrimination"; 8) employee claims of "harassment"; and 9) "claims arising under *state and federal statutes* and/or common law *relating to these* or

9.

*similar matters.*"  (Italics added.)  The agreement also provides, "There will be no right or authority under this Agreement for any dispute to be brought, heard, or arbitrated as a class or collective action."

But these are the type of claims that *only* employees bring against employers.  Arbitration agreements that primarily require arbitration of the type of claims *only* employees bring against employers are substantively unconscionable as being "one-sided and harsh."  (*Zullo v. Superior Court* (2011) 197 Cal.App.4th 477, 486; *Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1540-1541.)  They are unfair to employees where, for example, "[t]he mandatory arbitration requirement can only realistically be seen as applying *primarily* . . . to claims arising out of the termination of employment, *which are virtually certain to be filed against, not by,* [the employer]."  (*Stirlen*, at pp. 1540-1541, italics added.)  In such cases the agreement is not neutral or mutual.  (*Ibid*.)

The agreement also provides that it shall not "excuse [the employee] from utilizing the internal complaint procedures of [FVF]."  But because those procedures are not described, employees do not know what they are agreeing to.  (*OTO, L.L.C. v. Kho, supra*, 8 Cal.5th at p. 136.)  The agreement thus funnels employee claims into *both* arbitration *and* FVF's own complaint system without requiring FVF to follow any defined procedure to limit its discretion.  It creates a "one-sided" shield exclusively for FVF's benefit.  (*Zullo v. Superior Court, supra*, 197 Cal.App.4th at p. 486.)

FVF claims the trial court erred by not severing these provisions and enforcing the remainder of the agreement.  But whether to sever is within the trial court's discretion.  (*Magno v.*

*The College Network, Inc.* (2016) 1 Cal.App.5th 277, 292.)  Given the number of challenged provisions, the court could reasonably find severance was not an acceptable option.

But even so, the trial court alternatively found that even if the agreement is valid, its enforcement would have to be stayed because of the lawsuit Navas filed against FVF.

*Staying Enforcement of the Arbitration Agreement*

The trial court stayed the enforcement of Navas's arbitration agreement based on section 1281.2, subdivision (c). That provision gives the court the authority to decline to order arbitration in cases where, "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."  (*Ibid.*)

The trial court found that Navas, Lopez, and Ramos "are the plaintiffs, along with three others" and they "each allege wage and hour violations as well as PAGA claims" against FVF. Their claims "arise out of the same transaction *or series of related transactions"* with the claims of the other plaintiffs who are not subject to arbitration.  All six plaintiffs worked for FVF "within the last four years of the filing of the complaint, likely at overlapping times.  "While damages may vary . . . , liability should not, and that is where there is a potential of conflicting rulings."

FVF contends the trial court erred by applying section 1281.2, subdivision (c) because this provision is not authorized by the Federal Arbitration Act (FAA).  FVF notes the agreement provides, "This arbitration Agreement is governed by the [FAA]."

11.

This means the validity of the agreement's terms is decided under FAA standards.

But as the trial court correctly noted, the parties did not agree that the *procedures* involving arbitration would be exclusively determined by federal law. The arbitration agreement refers to California arbitration procedures. For example, the parties agreed that disputes about who would be the arbitrator would be decided under section 1281.6. This incorporates the California arbitration law procedures into this agreement.

FVF cites *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, and it notes there the court ruled that under the FAA, unlike California law, the court must stay the court proceeding and compel the arbitration. (*Id.* at p. 1122.) But in *Rodriguez*, the court ruled that federal law applied because there was no "contract provision suggesting the parties intended to incorporate California arbitration law." (*Ibid.*) Here the parties expressly incorporated California arbitration law.

Moreover, in *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 380, our Supreme Court held that the FAA "does not preempt the application of section 1281.2, subdivision (c)." This section "is part of California's statutory scheme designed to enforce the parties' arbitration agreements, as the FAA requires." (*Id.* at p. 393.) "[I]t does not conflict with the applicable provisions of the FAA and does not undermine or frustrate the FAA's substantive policy favoring arbitration." (*Id.* at p. 394.) FVF has not shown the trial court erred.

12.

## DISPOSITION

The judgment (order) is affirmed.  Costs on appeal are awarded in favor of respondents.

<u>CERTIFIED FOR PUBLICATION.</u>


                                        GILBERT, P. J.

We concur:



YEGAN, J.



PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Timothy J. Staffel, Judge

Superior Court County of Santa Barbara

———————————————

Mullen & Henzell, Rafael Gonzalez and Brian T. Daly for Defendant and Appellant Fresh Venture Foods.

Mallison & Martinez, Stan S. Mallison, Hector R. Martinez and Heather M. Hamilton for Plaintiffs and Respondents Juan Navas, Martha Herrera Lopez, and Benjamin Hernandez Ramos.