Filed 4/3/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| JASMIN VAZQUEZ,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SANISURE, INC.,<br><br>    Defendant and Appellant. | 2d Civil No. B329219<br>(Super. Ct. No. 56-2022-00571632-CU-OE-VTA)<br>(Ventura County) |

An employer and employee can agree to arbitrate claims related to their employment relationship. But termination of that relationship can revoke the arbitration agreement. And when there is no evidence that the parties agreed to arbitrate claims arising from a subsequent employment relationship, any claims arising solely from that subsequent relationship are not subject to arbitration.

SaniSure, Inc., appeals from the trial court's denial of its motion to compel arbitration. SaniSure contends the court erred when it concluded that arbitration agreements Jazmin Vazquez executed during her first stint of employment with the company did not apply during her second. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Vazquez started working for SaniSure through a staffing agency in July 2019. She was hired directly by the company as an at-will employee that November. Her employment was "for no definite period," and either she or SaniSure could terminate the employment relationship at any time.

As part of her hiring, SaniSure provided Vazquez with onboarding documents, including agreements to "utilize binding arbitration as the sole and exclusive means to resolve all disputes that may arise out of or be related in any way to [her] employment."[1] Subject to limited exceptions, she agreed that any claim she had against the company would "be submitted to and determined exclusively by binding arbitration." She also agreed to bring any claim individually, waiving her right to pursue a class or collective action. Changes to these agreements, if any, could be made only in writing.

Vazquez terminated her employment with SaniSure when she resigned in May 2021. Four months later, she negotiated a new employment offer and returned to work for the company. During negotiations the parties did not discuss whether Vazquez would be required to sign arbitration agreements again or whether claims related to her employment would be subject to arbitration. Vazquez's second stint of employment with SaniSure ended in July 2022.

---

[1] Vazquez does not recall signing these agreements, but does not dispute that they appear to bear her signatures. The trial court found that Vazquez signed them. Vazquez has not filed a cross-appeal, and has thus forfeited any challenge to that finding. (*Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 665.)

2

In October, Vazquez filed a class action complaint alleging that SaniSure failed to provide accurate wage statements during her second stint of employment.  She also alerted both SaniSure and the Labor and Workforce Development Agency (LWDA) of her intent to add a derivative action under the Labor Code Private Attorney Generals Act (PAGA) (Lab. Code, § 2698 et seq.).  The following month, SaniSure submitted a "cure letter" to Vazquez and the LWDA claiming that its wage statements now comply with the Labor Code.  SaniSure also requested that Vazquez submit her claims to binding arbitration.

In January 2023, Vazquez disputed that SaniSure had cured the violations alleged in her complaint.  The LWDA ordered SaniSure to respond to Vazquez's dispute letter.  It concluded that the violations had not been cured.  SaniSure then requested another opportunity to cure the violations.  The LWDA denied SaniSure's appeal on February 14.

Three days later, SaniSure moved to compel arbitration. The trial court denied the motion.  All the claims in Vazquez's complaint arose out of her second stint of employment with SaniSure.  But SaniSure failed to show that Vazquez agreed to arbitrate claims arising from that stint of employment.  Nor did the company show the existence of an implied agreement to submit claims arising from that second stint to arbitration; the agreement covering Vazquez's first stint of employment terminated in May 2021, and there was no evidence that the parties intended it to apply thereafter.

DISCUSSION

SaniSure contends the trial court should have granted its motion to compel arbitration because it showed the existence of

an arbitration agreement covering Vazquez's second stint of employment. We disagree.

"The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence [that] an agreement to arbitrate a dispute exists. [Citations.] To carry this burden of persuasion the moving party must first produce 'prima facie evidence of a written agreement to arbitrate the controversy.' [Citations.] 'If the moving party meets its initial prima facie burden and the opposing party disputes the agreement, then the opposing party bears the burden of producing evidence to challenge the authenticity of the agreement.' [Citations.] If the opposing party produces such evidence, then 'the moving party must establish with admissible evidence a valid arbitration agreement between the parties.' [Citation.]" (*Trinity v. Life Ins. Co. of North America* (2022) 78 Cal.App.5th 1111, 1120, alterations omitted (*Trinity*).)

" '[W]hen, as here, the [trial] court's order denying a motion to compel arbitration is based on the court's finding that [the moving party] failed to carry its burden of proof, the question for the reviewing court is whether that finding was erroneous as a matter of law.' [Citations.] ' "Specifically, the question becomes whether the [moving party's] evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' " ' [Citations.]" (*Trinity, supra*, 78 Cal.App.5th at p. 1121.)

" ' " 'Where . . . the judgment is against the party who has the burden of proof, it is almost impossible for that party to prevail on appeal by arguing the evidence compels a judgment in that party's favor. That is because unless the trial court makes

specific findings of fact in favor of the losing party, we presume the . . . court found the party's evidence lacks sufficient weight and credibility to carry the burden of proof. [Citations.] We have no power on appeal to judge the credibility of witnesses or to reweigh the evidence.' " ' [Citation.]" (*Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 166, alterations omitted (*Gamboa*).) Nor can we " ' "substitute [our] factual determinations for those of the [court below]; [we] must [instead] view all factual matters most favorably to the prevailing party and in support of the judgment. [Citation.] ' "All conflicts, therefore, must be resolved in favor of the [prevailing party]." ' " ' [Citation.]" (*Id*. at pp. 166-167.)

Here, we cannot say that SaniSure's evidence was so uncontradicted, so unimpeached, and of such a character that it left no room for a judicial determination that it was insufficient to support the existence of an arbitration agreement governing Vazquez's second stint of employment. "An arbitration agreement is tied to the underlying contract containing it." (*Moritz v. Universal City Studios LLC* (2020) 54 Cal.App.5th 238, 246 (*Moritz*).) Such an agreement can be revoked "upon such grounds as exist for the revocation of any contract." (Code Civ. Proc., § 1281.) At-will employment contracts can be revoked upon reasonable notice. (*Consolidated Theatres, Inc. v. Theatrical Stage Employees Union* (1968) 69 Cal.2d 713, 727, fn. 12.)

Vazquez signed arbitration agreements during her first stint of at-will employment with SaniSure. But she revoked these agreements by terminating her employment in May 2021. The causes of action in Vazquez's lawsuit are based on events that allegedly occurred only during her second stint of employment with SaniSure. As SaniSure concedes, Vazquez did

5

not sign a second set of arbitration agreements during that stint of employment. Thus, for her claims to be subject to arbitration, SaniSure must show that the parties agreed that the agreements Vazquez signed during her first stint of employment would apply to her second. (See Code Civ. Proc., § 1280, subd. (i) [arbitration agreement can be extended by implied agreement]; see also *Litton Financial Printing Div. v. NLRB* (1991) 501 U.S. 190, 205-206 (*Litton*) [cause of action that arises after contract terminates may be subject to arbitration if arbitration agreement survives termination of the remainder of the contract].)

SaniSure has not done so. Vazquez testified that she never agreed that the agreements she signed during her first stint of employment would govern her second. She also said that SaniSure never told her that getting rehired was contingent on agreeing to arbitration. And the documents she signed upon rehiring do not mention arbitration. SaniSure points to no evidence to the contrary. It has thus failed to carry its " ' " 'almost impossible' " ' " burden of showing that the trial court erred as a matter of law when it denied the motion to compel arbitration. (*Gamboa, supra,* 72 Cal.App.5th at p. 166.)

None of the cases SaniSure cites suggests a contrary conclusion. SaniSure cites *Vaughn v. Tesla, Inc.* (2023) 87 Cal.App.5th 208, 223, for the proposition that arbitration agreements may operate prospectively. But the *Vaughn* court noted that prospective operation was required there because the claims at issue had " 'their roots in the relationship between the parties' "—a relationship that " 'was created by the contract.' " (*Id.* at p. 221.) Here, Vazquez's claims are rooted in her second employment relationship with SaniSure, a relationship based on a contract that SaniSure has not shown requires arbitration.

6

SaniSure cites *Franco v. Greystone Ridge Condominium* (2019) 39 Cal.App.5th 221, 223-224, *Salgado v. Carrows Restaurants, Inc.* (2019) 33 Cal.App.5th 356, 361-362, and *Desert Outdoor Advertising v. Superior Court* (2011) 196 Cal.App.4th 866, 877, for the proposition that arbitration agreements may operate retrospectively. But Vazquez's claims in this lawsuit are not rooted in an employment relationship established by a contract requiring retrospective application of an arbitration agreement. More significantly, the employment relationships in *Franco*, *Salgado*, and *Desert Outdoor Advertising* had not been terminated when the employees signed the retrospectively applicable arbitration agreements—language that required arbitration of the employees' claims. Because Vazquez terminated her prior employment relationship with SaniSure in May 2021, and did not sign an arbitration agreement during her subsequent period of employment, there is no contractual language requiring arbitration of her claims.

*Ajida Technologies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534 is also inapposite. The *Ajida* court held that the "contractual duty to arbitrate disputes may survive termination of the agreement giving rise to that duty." (*Id.* at p. 545.) We do not disagree. (See *Litton*, *supra*, 501 U.S. at pp. 205-206.) But the duty in *Ajida* was based on the language of a contract that required the parties to submit claims to arbitration for five years after their relationship terminated. (*Ajida*, at pp. 544-546.) SaniSure points to no similar language in the arbitration agreements here.

SaniSure's attempt to distinguish *Litton*, *supra*, 501 U.S. 190, is similarly unavailing. In *Litton*, a collective bargaining agreement that included an arbitration provision expired on a

7

specified date.  (*Id.* at pp. 193-194.)  Here, in contrast, the arbitration agreements Vazquez signed did not specify when they would expire.  To SaniSure, this renders *Litton* inapposite and means that the agreements survived the termination of Vazquez's first stint of employment.

SaniSure misreads *Litton*.  The relevant inquiry under *Litton* is not *how* an arbitration agreement terminates; it is whether the agreement survives termination of a contract— regardless of whether that termination is on a specific date, as was the case in *Litton*, or whether termination occurs due to the actions of an employer or employee, as was the case here.  (See *Litton*, *supra*, 501 U.S. at pp. 205-206.)  The trial court found that SaniSure had not carried its burden of showing that the arbitration agreements Vazquez signed survived the termination of her first stint of employment.  And SaniSure has not carried its burden on appeal of showing that that finding was erroneous as a matter of law.  Reversal is accordingly unwarranted on this basis.  (*Moritz, supra,* 54 Cal.App.5th at p. 246 [courts cannot compel "arbitration simply because the same parties agreed to arbitrate a different matter"]; see also *O'Connor Co. v. Carpenters Local Union No. 1408* (9th Cir. 1983) 702 F.2d 824, 825 [no requirement to arbitrate dispute that arose after arbitration agreement expired].)

Finally, SaniSure's reliance on cases holding that employees who continue their employment after being notified that an arbitration policy exists are bound by that policy (see, e.g., *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236; *Diaz v. Sohnen Enterprises* (2019) 34 Cal.App.5th 126, 130; *Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 420-422) is also

8

misplaced. Here, Vazquez did not continue her employment after she was notified of SaniSure's arbitration policy. She instead terminated her employment with SaniSure in May 2021 and later negotiated a new employment offer. And during those negotiations she did not sign arbitration agreements. Nor was she told that the agreements she signed during her previous employment with SaniSure would apply to any new term of employment. The trial court thus properly denied SaniSure's motion to compel arbitration.[2]

## DISPOSITION

The trial court's April 20, 2023, order denying SaniSure's motion to compel arbitration is affirmed. Vazquez shall recover her costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.          CODY, J.

---

[2] Given our conclusion, we do not resolve whether SaniSure waived its right to compel arbitration by litigating the merits of Vazquez's claims at the LWDA, whether the arbitration agreements are unenforceable, or whether Vazquez's PAGA claim is subject to arbitration.

9

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____

Fisher & Phillips, Todd B. Scherwin and Megan E. Walker for Defendant and Appellant.

The Myers Law Group, David P. Myers, Jason Hatcher and Andriana N. Bravo for Plaintiff and Respondent.